Aaron D. Radbil (to seek admission *pro hac vice*)
James L. Davidson (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan Smith, *on behalf of himself and others similarly situated*, | ) ) Case No. ) |
| Plaintiff, | ) CLASS ACTION COMPLAINT ) |
| v. | ) JURY TRIAL DEMANDED ) |
| loanDepot, Inc., | ) ) |
| Defendant. | ) ) |

**Nature of this Action**

1. Jonathan Smith ("Plaintiff") brings this class action against loanDepot, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

**Parties**

7. Plaintiff is a natural person.

8. Plaintiff resides in San Tan Valley, Arizona.

9. Defendant is a publicly traded company that sells mortgage and non-mortgage lending products.

10. Defendant is headquartered in Lake Forest, California.

**Factual Allegations**

11. Plaintiff is, and has been for approximately ten years or more, the sole and customary user of his cellular telephone number—(XXX) XXX-3226.

12. In or around June 2022, Defendant began placing calls to telephone number (XXX) XXX-3226.

13. For example, Defendant placed calls to telephone number (XXX) XXX-3226 on June 7, 2022 (2 calls), June 20, 2022 (2 calls), June 21, 2022 (3 calls), and June 22, 2022 (3 calls):

2





3




4

14. When dialed, telephone number (480) 581-0584 plays an artificial or prerecorded voice greeting that begins: "Thank you for calling loanDepot, please wait while we connect your call to an agent."

15. Defendant placed its calls to telephone number (XXX) XXX-3226 intending to reach Peter Marshall.

16. Plaintiff is not Peter Marshall.

17. Plaintiff does not know Peter Marshall.

18. In connection with a number of its calls to telephone number (XXX) XXX-3226, Defendant delivered an artificial or prerecorded voice message.

19. For example, Defendant delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-3226 on June 7, 2022, June 8, 2022, June 9, 2022, and June 10, 2022.

20. An artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-3226 on June 7, 2022 states:

> Hi, this is Savannah from loanDepot with some great news regarding your recent mortgage refinance application. If you're no longer interested in mortgage information please press pound to opt out, or call us at 866-965-9011. We are missing just a few pieces of critical information necessary and getting you fully approved and it will only take a few minutes of your time. I will be here until 8 PM Pacific time to assist you so please call me back at 866-965-9011. Again that number is 866-965-9011. I know we can provide you with the lowest rates available. And I look forward to hearing from you soon. Have a great day.

21. An artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-3226 on June 8, 2022 states:

> Hi, this is Savannah calling again from loanDepot, one of the largest home loan lenders in the country, and I have some great news regarding your application. If you're no longer interested in mortgage information please

5

press pound to opt out, or call us at 866-965-9011. I will be here until 8 PM Pacific time to answer any questions you may have. So please call me back at 866-965-9011. Again that number is 866-965-9011. I look forward to hearing from you soon. Have a great day.

22. An artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-3226 on June 9, 2022 states:

Hello, this is Savannah calling you again from loanDepot about your home loan application. If you're no longer interested in mortgage information please press pound to opt out, or call us at 866-965-9011. Rates are still at historical lows, so it is a great time to get a free rate quote. loanDepot helps thousands of people every month save hundreds on their mortgage payment. Please give us a call back at 866-965-9011. Again, 866-965-9011. Thank you. And I'm looking forward to hearing from you.

23. And an artificial or prerecorded voice message Defendant delivered to telephone number (XXX) XXX-3226 on June 10, 2022 states:

Hi there, this is Savannah calling you again from loanDepot about the home financing information you requested. If you're no longer interested in mortgage information please press pound to opt out, or call us at 866-965-9011. loanDepot helps thousands of people each month obtain the lowest monthly mortgage payments. It will only take you a few minutes to get a no obligation quote and it could save you thousands on your mortgage. Please give us a call back at 866-965-9011. Again, 866-965-9011. Thank you. And I hope to hear from you soon.

24. Defendant separately confirmed with Plaintiff that it operates telephone number (866) 965-9011.

25. In response to artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-3226, Plaintiff placed a return call to Defendant at

6

telephone number (866) 965-9011, and informed Defendant that he was not Peter Marshall.

26. Plaintiff did not apply for a loan from Defendant.

27. Plaintiff does not have, nor did he have, an account with Defendant.

28. Plaintiff does not have, nor did he have, a loan from Defendant.

29. Plaintiff did not provide telephone number (XXX) XXX-3226 to Defendant.

30. Plaintiff did not request information from Defendant about its products or services.

31. Plaintiff did not provide telephone number (XXX) XXX-3226 to any third-party websites in connection with an inquiry about mortgage services.

32. Plaintiff did not provide telephone number (XXX) XXX-3226 to any third-party websites in connection with an inquiry about Defendant.

33. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-3226.

34. Defendant placed the subject calls to telephone number (XXX) XXX-3226 for non-emergency purposes.

35. Defendant placed the subject calls to telephone number (XXX) XXX-3226 voluntarily.

36. Defendant placed the subject calls to telephone number (XXX) XXX-3226 under its own free will.

37. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-3226.

38. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

39. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom loanDepot, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a loanDepot, Inc. loanholder, or person who submitted or authorized the submission of the telephone number to loanDepot, Inc., (3) in connection with which loanDepot, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

41. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

43. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

44. The proposed class is ascertainable because it is defined by reference to objective criteria.

45. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

46. Plaintiff's claims are typical of the claims of the members of the class.

47. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

48. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

49. Plaintiff's claims are based on the same theories as the claims of the members of the class.

50. Plaintiff suffered the same injuries as the members of the class.

51. Plaintiff will fairly and adequately protect the interests of the members of the class.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

53. Plaintiff will vigorously pursue the claims of the members of the class.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

58. Issues of law and fact common to all members of the class are:
    a. Defendant's violations of the TCPA;
    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
    c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
    d. Defendant's use of an artificial or prerecorded voice; and
    e. The availability of statutory penalties.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

64. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

66. There will be little difficulty in the management of this action as a class action.

67. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 3, 2022

/s/ *James L. Davidson*
Aaron D. Radbil*
James L. Davidson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*