**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 027091)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:       bpaino@mcglinchey.com

Attorneys for *Defendant* **loanDepot.com, LLC**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Smith, *on behalf of himself and others similarly situated,*<br><br>         Plaintiff,<br><br>   v.<br><br>loanDepot, Inc.,<br><br>         Defendant. | Case No.:  2:22-cv-01674-GMS<br><br>**DEFENDANT LOANDEPOT.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that *defendant* loanDepot.com, LLC ("loanDepot"), incorrectly sued as loanDepot, Inc., will, and hereby does, move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion seeks a dismissal of this action with prejudice on the ground that *plaintiff* Jonathan Smith's ("Plaintiff") Complaint (the "Complaint" or "Compl.") fails to state a claim against loanDepot upon which relief can be granted.

///

///

///

///

This motion is based on the attached Memorandum, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED: December 22, 2022          **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

### MEET AND CONFER CERTIFICATION

Pursuant to the Court's order, the undersigned certifies that this motion is being made following a conference of counsel, which took place on December 22, 2022. The parties were unable to reach an agreement that would obviate the need for the motion.

DATED: December 22, 2022          **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this action, Plaintiff, as a putative class representative, seeks recourse for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA"). Plaintiff contends that loanDepot violated the TCPA by placing calls to his cell phone number, and the cell phone numbers of the putative class members, using an artificial or prerecorded voice without his or the putative class members' consent. In light of the Ninth Circuit's recent ruling in *Wakefield v. ViSalus, Inc*. 51 F.4th 1109 (9th Cir. 2022), Plaintiff's class claims for violation of the TCPA fail for lack of alleged facts plausibly demonstrating that a recovery of aggregated damages is permissible in this action.

By way of background, in *Wakefield,* the Ninth Circuit Court of Appeals held that aggregated statutory damages, such as statutory damages under the TCPA — the very relief Plaintiff seeks in this action — may violate the due process clause in certain circumstances. The *Wakefield* court observed that the factors set forth in *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), should guide the determination of whether aggregated statutory damages are constitutional. Notably, Plaintiff has failed to plead facts plausibly demonstrating that aggregated statutory damages are appropriate under the factors set forth in *Six Mexican Workers*. In the absence of such allegations, the claims of absent class members should be dismissed.

While loanDepot recognizes that leave to amend is often freely given, the facts in the Complaint suggest that no amendment can cure the defects with Plaintiff's pursuit of aggregated statutory damages. This is because the facts in the Complaint demonstrate that there is no plausible basis for finding that loanDepot acted with the requisite culpability. Indeed, the Complaint alleges that loanDepot contacted Plaintiff in error. None of the allegations in the Complaint even suggest (much less plausibly establish) that loanDepot knowingly placed calls to Plaintiff. Simply put, the Complaint reveals that any calls made to Plaintiff were the result of an error, at worst, which is not the type of culpable conduct that supports an aggregated statutory damage award under the *Six Mexican Workers* factors. For

the foregoing reasons, as discussed more fully herein, the claims of absent class members should be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, in June of 2022, Plaintiff began receiving calls from loanDepot on his cell phone. (Compl., ¶ 12). Plaintiff allegedly received artificial or prerecorded voice messages in connection with some of these calls. (Compl., ¶ 18). Although the calls were placed to Plaintiff's cell phone, they were intended for an individual named Peter Mitchell, who is unknown to Plaintiff. (Compl., ¶ 15). Plaintiff disclaims having any relationship with loanDepot and contends he did not provide his prior written consent to receive any calls from loanDeopt. (Compl., ¶¶ 26-33). But Plaintiff does not allege that loanDepot did not have Mr. Mitchell's consent or any other facts tending to demonstrate that loanDepot knew, or should have known, the number at issue belonged to Plaintiff and not Mr. Mitchell. (*See generally* Compl.)

On October 3, 2022, Plaintiff commenced this action by filing the aforementioned Complaint against loanDepot. (*See* Doc. 1). Plaintiff and loanDepot subsequently entered into a stipulation extending loanDepot's deadline to respond to the Complaint to December 23, 2022. (*See* Doc. 9).

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched

as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true …allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). While Rule 8(a) does not require detailed factual allegations, "it demands more than 'an unadorned, the- defendant-unlawfully-harmed-me accusation'" to suffice. *Id.* (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Brandt v. Ocwen Loan Servicing, LLC*, 2017 WL 5878581, at *5 (E.D. Cal. 2017) (citing *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Therefore, a plaintiff is required to allege "*enough facts to state a claim to relief that is plausible on its face.*" *Bell Atl. Corp.*, 550 U.S. at 570 (emphasis added).

A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)). Finally, a court may dismiss claims for damages pursuant to Rule 12(b)(6) where they are legally or factually unsupportable. *See Opperwall v. State Farm Fire and Casualty Co.*, 2018 WL 1243085, at *5 (N.D. Cal. 2018); *Pascal v. Concentra, Inc.*, 2019 WL 3934936, at *4 (N.D. Cal. 2019).

///

IV.   **ARGUMENT**

    A.   **Plaintiff Failed to Allege Facts Showing that the *Six Mexican Workers* test—adopted by *Wakefield*—Facially Support An Award of Aggregated Damages.**

Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful to "make any call (other than a call [] made with the prior express consent of the called party)…using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The Ninth Circuit has outlined the following elements of a TCPA claim: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). "For violations [of the TCPA], the TCPA provides a private right of action for injunctive relief and/or monetary damages." *Meyer v. Bebe Stores, Inc.*, 2015 WL 431148, at *2 (N.D. Cal. 2015) (citing 47 U.S.C. § 227(b)(3)). "As monetary damages, a plaintiff may receive either actual damages or statutory damages in the amount of $500 per violation." *Id.* "In the case of knowing or willful violations, statutory damages of up to $1,500 per statutory violation may be awarded." *Id.*

Pursuant to the Complaint, Plaintiff enumerates a single claim for violation of the TCPA. He brings the claim on behalf of himself and a putative class of similarly situated individuals. Plaintiff ultimately seeks statutory damages as a result of the misconduct alleged in the Complaint. By virtue of the class allegations in the Complaint, Plaintiff necessarily seeks aggregated statutory damages. For the reasons discussed below, the Complaint contains insufficient allegations to plausibly establish that Plaintiff is entitled to these damages.

    1.   **The *Wakefield* Decision**

As noted above, the Ninth Circuit recently recognized that aggregated statutory damages, such as aggregated statutory damages under the TCPA — the very damages Plaintiff seeks here — are not recoverable in every case. *See Wakefield*, 51 F.4th at 1120. Instead, "due process may limit aggregate statutory damages in a class action under certain

extreme circumstances." *Id.* at 1123. The *Wakefield* court adopted the *Six Mexican Workers* test to provide guidance to district courts for determining when aggregated damages may be unconstitutionally excessive. *See id.* Under the *Six Mexican Workers* test, in order to determine whether an aggregated damages award is unconstitutional, a district court must weigh the following factors:

> (1) the amount of award to each plaintiff, (2) the total award, (3) the nature and persistence of the violations, (4) the extent of the defendant's culpability, (5) damage awards in similar cases, (6) the substantive or technical nature of the violations, and (7) the circumstances of each case.

*Id.* (citing *Six Mexican Workers*, 904 F.2d at 1309 (internal quotations omitted). Aggregated statutory damages are only appropriate where the *Six Mexican Workers* factors support a finding that such damages are constitutional.

### 2. Plaintiff's Allegations Are Insufficient

Plaintiff has not alleged sufficient facts to plausibly establish that the *Six Mexican Workers* factors support an award of aggregated damages. To the contrary, he does not, for instance, allege the probable number of class members or the amount of a likely judgment should he prevail in this suit. Without these basic foundational allegations, Plaintiff cannot plausibly establish that his request for aggregated statutory damages is constitutional under the *Six Mexican Workers* test. Even if Plaintiff had supplied this information, the Complaint is nevertheless deficient due to Plaintiff's failure to plead facts showing that loanDepot acted with the requisite culpability. Indeed, the Complaint simply alleges a sterile TCPA violation and concedes that any calls made to Plaintiff were due to, at worst, a case of mistaken identification – i.e., Plaintiff's cell number was mistaken for the number of Mr. Mitchell. Nowhere in the Complaint does Plaintiff allege that loanDepot called him knowing that it was not Mr. Mitchell's cell phone number. Under the circumstances plead in the Complaint, it is implausible to conclude that loanDepot's conduct rose to the level of culpability required to support an award of aggregated statutory damages.

The Complaint likewise contains insufficient facts to plausibly establish that "the nature and persistence of the violations" with respect to the putative class members or "the

substantive or technical nature of the violations" warrant an award of aggregated damages. Simply stated, the facts alleged in the Complaint cut against the application of aggregated damages, i.e., the facts demonstrate that this action is based entirely on calls mistakenly made to Plaintiff that were intended for another party. Courts have recognized that a defendant in these circumstances should not be held liable for violating the TCPA. *See Chyba v. First Fin. Asset Mgmt., Inc.,* 2014 WL 1744136, at *12 (S.D. Cal. 2014), aff'd, 671 F. App'x 989 (9th Cir. 2016) (holding that a defendant was not liable for violating the TCPA where it acted in good faith upon the information it was provided by its customer).[1] In sum, as currently constituted, Plaintiff's Complaint does not state a plausible claim for aggregated statutory TCPA damages.

### 3. Cases Interpreting the Pleading Standard for Treble and Actual Damages are Analogous

The pleading standard for establishing that aggregated statutory damages are permissible is no different than the standard for other types of damages. Indeed, in order to be entitled to treble damages under the TCPA, a plaintiff must allege facts showing that the defendant willfully or knowingly violated the TCPA. *See* 47 U.S.C. §§ 227(b)(3)(B), 227(c)(5)(C). Where a complaint fails to allege sufficient facts demonstrating that a defendant willfully or knowingly violated the TCPA, treble damages are inappropriate. *See Blikken v. Risen Cap., LLC*, 2016 WL 7423411, at *2 (M.D. Fla. Nov. 28, 2016), report and recommendation adopted, 2016 WL 7422660 (M.D. Fla. Dec. 22, 2016) (finding treble damages inappropriate where the complaint failed to allege facts showing that the defendant acted knowingly or willfully).

On a more basic level, any time a plaintiff seeks an award of damages, the plaintiff must allege facts to plausibly demonstrate that those damages have been incurred. *See Zochlinski v. Regents of the Univ. of California,* 2015 WL 6744654, at *10 (E.D. Cal. 2015)

---

[1] While loanDepot does not urge a finding that it is entitled to any form of good faith defense at this stage in the proceeding, it does submit that the allegations of the Complaint demonstrate that its conduct had very low levels of culpability under *Six Mexican Workers* such that allowing a claim for aggregated statutory damages would plainly and facially be inappropriate.

(dismissing Plaintiff's defamation claim because Plaintiff "fail[ed] to plausibly allege actual damages…"); *Krottner v. Starbucks Corp.*, 406 Fed.Appx. 129, 130 (9th Cir.2010) (affirming the district court's dismissal of the negligence claim [because Plaintiff] did not adequately plead damages...). The circumstance is no different here. In order to recover aggregated statutory damages, Plaintiff must allege facts plausibly demonstrating an entitlement to those damages. He has failed to do so. As a result, his class claims should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, loanDepot respectfully requests that the Court dismiss Plaintiff's class claims for failure to state a claim upon which relief can be granted.

DATED:  December 22, 2022         **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
     BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
                                   ) ss.
**COUNTY OF ORANGE**    )

I, Kayla Han, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On December 23, 2022, I served the document(s) described as: **DEFENDANT LOANDEPOT.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐    **BY MAIL**: As follows:

☐    **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐    **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒    **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on December 23, 2022, at Irvine, California.

*/s/ Kayla Han*

Kayla Han

**SERVICE LIST**
**Arizona District Court Case No. 2:22-cv-01674-GMS**
**JONATHAN SMITH v. LOANDEPOT INC.**
**File # 109043.0004**

| | |
|---|---|
| James Lee Davidson<br>GREENWALD DAVIDSON RADBIL PLLC<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431 | Attorneys for *Plaintiff* **JONATHAN SMITH**<br><br>Tel.: (561) 826-5477<br>Fax: (561) 961-5684<br>Email: jdavidson@gdrlawfirm.com |
| Aaron Radbil<br>GREENWALD DAVIDSON RADBIL PLLC<br>401 Congress Avenue, Suite 1540<br>Austin, TX 78701 | Attorneys for *Plaintiff* **JONATHAN SMITH**<br><br>Tel.: (512) 803-1578<br>Fax: (561) 961-5684<br>Email: aradbil@gdrlawfirm.com |

**PROOF OF SERVICE**

21363372.1