**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 027091)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:       bpaino@mcglinchey.com

Attorneys for *Defendant* **loanDepot.com, LLC**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Smith, *on behalf of himself and others similarly situated,*<br><br>    Plaintiff,<br><br>  v.<br><br>loanDepot, Inc.,<br><br>    Defendant. | Case No.:  2:22-cv-01674-GMS<br><br>**DEFENDANT LOANDEPOT.COM, LLC'S NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that *defendant* loanDepot.com, LLC ("loanDepot"), incorrectly sued as loanDepot, Inc., will, and hereby does, move the Court to bifurcate discovery in this action pursuant to Federal Rules of Civil Procedure 42 and 26.

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), good cause exists to bifurcate discovery in this action as the bifurcation of discovery will permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of dispositive preliminary issues related to *plaintiff* Jonathan Smith's ("Plaintiff") Complaint (the "Complaint" or "Compl.").

This motion is based on the attached Memorandum, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED:  December 23, 2022               **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to L.R. 7-2, this Motion is made following the conference of counsel, which took place on December 9, 2022.

DATED:  December 23, 2022               **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this action, Plaintiff, as a putative class representative, seeks recourse for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA"). As detailed more fully in loanDepot's separately filed motion to dismiss (the "Motion to Dismiss"), Plaintiff's Complaint fails to state a valid and plausible claim for aggregated statutory damages under the TCPA as it contains insufficient facts to establish that aggregated damages are appropriate under the factors set forth in *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), which the Ninth Circuit has adopted for evaluating the constitutionality of aggregated statutory damages. Consequently, Plaintiff's class claims necessarily fail.

Given the deficiencies with Plaintiff's class claims, loanDepot respectfully requests that discovery in this matter be phased. In the first phase, discovery would be limited to the narrow issue of whether Plaintiff has a valid individual claim against loanDepot. If necessary, the second phase of discovery would be focused on broader issues of commonality ahead of a potential certification effort. A final phase – again, should it be necessary – would permit the individual merits of each member of a certified class to be explored.

Good cause exists to phase discovery in this manner because doing so would allow the Court to first resolve the merits of Plaintiff's individual claims and avoid burdensome class discovery if Plaintiff's claims prove meritless. Additionally, phasing class certification discovery from class merits discovery is critically important in TCPA cases where plaintiffs commonly (and improperly and needlessly) seek the precertification production of massive swaths of private consumer information on individuals who are not class members. Such productions impose a huge expense on TCPA defendants and also pose a clear and present danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558- 59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants

from incurring enormous discovery costs).

These concerns are particularly stark here because Plaintiff's class claims already fails and he has attempted to define a deficient class that cannot be certified. There is good reason to believe, therefore, that this case will never get past the first phase (i.e., that Plaintiff will never be able to state and prove a meritorious, individual claim against loanDepot). Allowing the case to proceed to non-phased class merits discovery would otherwise result in the intrusion of privacy of potentially thousands of consumers who have not asserted any claim against loanDepot and have never received an improper call. Accordingly, loanDepot submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) gives a court broad discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "It is implicit that the court also ha[s] [the] power to limit discovery to the segregated issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (citations omitted). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.* (citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues.") (citation omitted). Factors a court may consider in determining whether to bifurcate discovery include the "'complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery.'" *Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (quoting *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994)). The party seeking bifurcation bears the burden of establishing that "bifurcation

will promote judicial economy or avoid inconvenience or prejudice to the parties." *Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Rule 26 of the Federal Rules of Civil Procedure also affords trial courts ample authority to control the sequence and timing of discovery. *See EEOC v. Lawler Foods Inc.*, 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015). "'[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.' This principle of judicial parsimony is often invoked, for example, to justify postponing discovery on damages until liability has been established." *Id.* (quoting 8A Wright and Miller, Federal Practice and Procedure § 2040 (3d ed. 2010)).

## III. ARGUMENT

### A. Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Companies*, LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that Plaintiff's claims fail or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129 (D. Mass. 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may

be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id.*, at *2. "Further, class discovery is not necessary to address certain issues that may be dispositive of [a plaintiff's] individual claims or ability to bring the asserted class claims..." *Id.*; *see also, e.g., DeLeon v. Time Warner Cable LLC*, 2009 WL 10674767, at *1 (C.D. Cal. 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co.*, 2021 WL 1839602, at *3 (D. Mass. 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *5-6 (D.N.J. 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *6 (N.D. Ill. 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps. . . entirely forego class-wide discovery, saving resources and expense on all sides").

        Phasing discovery would allow for the resolution of the threshold issue of whether Plaintiff himself has a viable claim under the TCPA. Absent the phasing of discovery, loanDepot will be prejudiced as it would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiff's claims are inevitably dismissed as meritless. Under this scenario, Plaintiff will have succeeded in engaging loanDepot and this Court in burdensome class discovery when his underlying individual allegations are without merit. By contrast, phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed on an individual, much less a class action, basis.

        As set forth more fully in loanDepot's Motion to Strike, Plaintiff's proposed class is otherwise facially uncertifiable. The class includes individuals who are subscribers to phones used by third parties who may have authorized the calls. And while the class excludes persons who submitted or authorized the submission of numbers to loanDepot, this exclusion is too

narrow to account for individuals who allow individuals on their phon plans to use the numbers in a blanket fashion. Lastly, the class is uncertifiable because it is an improper failsafe. Commencing class discovery before this facially uncertifiable class is narrowed (or even eliminated) would be an altogether unproductive and pointless exercise. loanDepot therefore requests that discovery be phased, and the merits of Plaintiff's individual claims be resolved first, to allow the Court time to rule on loanDepot's pending motions and to allow the parties to resolve the merits of Plaintiff's individual claims before engaging the parties and this Court in unnecessary class discovery.

### B. If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Make an Early Determination on the Propriety of Class Certification.

In the unlikely event that Plaintiff's individual claim proceeds, loanDepot respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, 2017 WL 5075928, at *1 (N.D. Okla. 2017); *see also Nazario v. Sharinn & Lipshie, P.C.*, 2020 WL 205896, at *1 (D.N.J. 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency.") (citation and internal quotations omitted); *Medlock v. Taco Bell Corp.*, 2014 WL 2154437, at *1 (E.D. Cal. 2014) (bifurcating discovery "to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claim").

In deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3)

judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. 2015).

Here, if discovery is bifurcated, the Court will undoubtedly be in a better position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. 2012) (citation and internal quotations omitted). Similarly, economy favors bifurcation of merits and certification discovery where "the limited statutory damages available to [a plaintiff] are likely an insufficient motivation to litigate in the absence of class certification." *Id*. If the Court denies class certification, Plaintiff would have little incentive to continue with the pending litigation given the limited statutory damages available under the TCPA. Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court.

To be clear, certification discovery would include all evidence necessary for Plaintiff to prove the requirements of Rule 23 can be shown. But it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding loanDepot's call practices and policies. However, he would not be permitted to obtain a list of all individuals who may have received a call from loanDepot under the circumstances specified in the Complaint. Similarly, he might inquire regarding how loanDepot verifies customer phone numbers, but he would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. If the case is certified—and all parties know

exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified produced and analyzed ahead of trial.

In sum, good cause exists to phase class certification and class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until a class is certified.

## IV. CONCLUSION

For the foregoing reasons, loanDepot respectfully requests that the Court enter an order phasing discovery in this matter pursuant to Federal Rules of Civil Procedure 26 and 42(b).

DATED: December 23, 2022        **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
    BRIAN A. PAINO
Attorneys for *Defendant* **loanDepot.com, LLC**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Kayla Han, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On December 23, 2022, I served the document(s) described as: **DEFENDANT LOANDEPOT.COM, LLC'S NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on December 23, 2022, at Irvine, California.

_____
Kayla Han

**SERVICE LIST**
**Arizona District Court Case No. 2:22-cv-01674-GMS**
**JONATHAN SMITH v. LOANDEPOT INC.**
**File # 109043.0004**

| | |
|---|---|
| James Lee Davidson<br>GREENWALD DAVIDSON RADBIL PLLC<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431 | Attorneys for *Plaintiff* **JONATHAN SMITH**<br><br>Tel.: (561) 826-5477<br>Fax: (561) 961-5684<br>Email: jdavidson@gdrlawfirm.com |
| Aaron Radbil<br>GREENWALD DAVIDSON RADBIL PLLC<br>401 Congress Avenue, Suite 1540<br>Austin, TX 78701 | Attorneys for *Plaintiff* **JONATHAN SMITH**<br><br>Tel.: (512) 803-1578<br>Fax: (561) 961-5684<br>Email: aradbil@gdrlawfirm.com |