Aaron D. Radbil (*pro hac vice*)
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathan Smith, *on behalf of himself and others similarly situated*, | ) ) ) | No. 2:22-cv-01674-GMS |
| Plaintiff, | ) ) ) | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S** |
| v. | ) ) ) | **MOTION TO BIFURCATE DISCOVERY** |
| loanDepot.com, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### Introduction

Jonathan Smith brings a proposed class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against loanDepot.com, LLC ("Defendant") for telephone calls Defendant placed to his and class members' cellular telephone numbers using an artificial or prerecorded voice. ECF No. 19. No one in the proposed class, including Mr. Smith, is a loanDepot customer or otherwise provided his or her telephone number to Defendant. *Id.* at ¶ 40.

While Defendant's conduct toward the proposed class members is significant, the wrong-number TCPA claims at issue here are rather ordinary, in that similar TCPA claims regularly are litigated—and certified—in courts throughout the country, including in this district. *See, e.g.*, *Head v. Citibank, Inc.*, 340 F.R.D. 145 (D. Ariz. 2022) (Silver,

J.) (certifying wrong-number TCPA class); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (Logan, J.) (same).

Curious, then, are Defendant's concerns over the class discovery at stake. Citing a purported failure of Mr. Smith to define an adequate class, unspecified costs, and potential burden, Defendant asks this Court to defer class discovery—and thus the development of Mr. Smith's claims—for an indeterminate amount of time so that Defendant may first test the merits of Plaintiff's individual claim. ECF No. 14 ("Motion").[1] Of course, without the necessary discovery, Mr. Smith is hamstrung from filing and supporting his anticipated motion for class certification.

Rule 23, however, requires a class certification determination "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A). Yet, Defendant makes no attempt to reconcile this discrepancy with the relief it requests. Viewed through a different lens, Defendant seeks a *de facto* stay of class discovery because it would rather not expend the time or effort necessary to research and disclose the scope of its alleged misconduct. But one party's ordinary discovery obligations—even in the context of a class action—do not give rise to such extraordinary relief. And in the meantime, Defendant's alleged misconduct likely will continue.

Because bifurcating discovery will unnecessarily delay these proceedings, prejudice Mr. Smith and absent class members, and most likely *create* inefficiencies rather than avoid them, and because any class member privacy concerns may be remedied through a stipulated protective order, this Court should deny the Motion.

---

[1]     Notably, despite filing four motions in response to Mr. Smith's complaint, ECF Nos. 11-12, 14-15, Defendant did not raise a challenge as to whether Mr. Smith stated a claim under the TCPA on behalf of himself.

## Argument[2]

**I. Bifurcating discovery would unnecessarily delay a Rule 23 determination, create avoidable inefficiencies, and prejudice Plaintiff and absent class members.**

As a threshold matter, the relief Defendant seeks is extraordinary, as there is no mechanism in the federal rules to bifurcate or otherwise delay class discovery in a putative class action such as this one.[3] And this makes sense considering Rule 23's mandate for district courts to make a certification determination "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). Bifurcating class discovery serves only to delay class discovery, which necessarily delays a certification determination, in conflict with Rule 23 itself.

As the Central District of California wrote:

> Defendants' argument ignores the realities of class action litigation today, which are governed by the Supreme Court's landmark decision in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 180 L.Ed.2d 374 (2011). In *Dukes*, the Supreme Court indicated that class certification requires a trial court to engage in a "rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied[.]" *Id.* at 351, 131 S. Ct. at 2551–52. This analysis usually frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.*; *see Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *McEwan v. OSP Grp., L.P.*, 2016 WL 1241530, *3 (S.D. Cal. 2016) ("In this regard, the Supreme Court had

---

[2] Through its Motion, Defendant makes passing reference to arguments for dismissing Mr. Smith's class claims and striking his class allegations, as asserted in Defendant's separately filed motions. *See, e.g.*, ECF No. 14 at 1, 4-5. Mr. Smith rebuts these attacks by way of separate responses to each respective motion, filed concurrently herewith. For the sake of brevity, Mr. Smith will not reiterate those rebuttals here.

[3] While Defendant cites Rule 42(b), *see* ECF No. 14 at 2, that rule provides for the separation of *trials* of separate issues or claims, not the phasing of discovery. Fed. R. Civ. P. 42(b).

directed courts considering class certification motions to engage in a 'rigorous analysis' to determine whether Rule 23's prerequisites have been satisfied, an analysis that will frequently [ ]overlap with the merits of plaintiff's underlying claim.").

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *2 (C.D. Cal. Jan. 5, 2018).

Given the necessary "rigorous analysis," "many courts 'are reluctant to bifurcate class-related discovery from discovery on the merits.'" *Id.* at *3 (quoting *Chen–Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012) (collecting cases)); *see also Imran v. Vital Pharms., Inc.*, Nos. 18-5758, 18-6300, 2019 WL 13207582, at *1 (N.D. Cal. Sept. 4, 2019) ("This Court generally does not favor bifurcated discovery in a putative class action."); *Moussouris v. Microsoft Corp.*, No. 15-1483, 2016 WL 4472930, at *12 n.14 (W.D. Wash. Mar. 7, 2016) ("[T]he court does not favor bifurcated discovery in a putative class action and expects the parties to proceed with discovery on class issues and other topics relevant to the litigation.").

Defendant itself is no stranger to district courts' unwillingness to bifurcate discovery in TCPA class actions. Indeed, the Central District of California refused such a request little more than two years ago. *Johansen v. loanDepot.com, LLC*, No. 20-919, 2020 WL 7230976 (C.D. Cal. Nov. 10, 2020). That court, as is customary in this Circuit, examined four factors pertinent to Defendant's request: (1) the overlap between individual and class discovery; (2) whether bifurcation would promote Rule 23's requirement that certification be decided at "an early practicable time"; (3) judicial economy; and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. *Id.* at *1. Upon careful consideration, the court found all four factors weighed *against* bifurcation. *Id.* at *1-2.

The same is true here. **First,** there will be substantial overlap between individual merits and class discovery considering that Mr. Smith alleges that he and the class members all suffered from the same violative conduct—Defendant's use of an artificial or prerecorded voice in connection with telephone calls it placed to class members.

Common discovery will include, for example, the nature and use of Defendant's artificial and prerecorded voice calls; the telephone system(s) Defendant used to place such calls; Defendant's practices and procedures for notating accounts with "wrong number" designations or something similar based upon input from call recipients; review and interpretation of Defendant's call records; and Defendant's efforts to confirm whether the telephone numbers it dials are associated with its intended customers and/or assigned to a cellular telephone service. *See id.* at *1 (rejecting bifurcation in TCPA action in part because "deficiencies in the purported consent are likely common to the members of the class"); *see also Hunichen v. Atonomi LLC*, No. 19-615, 2020 WL 5759782, at *2 (W.D. Wash. Sept. 28, 2020) ("The Court finds an absence of good cause for bifurcation. As is typical, there is necessarily overlap between the class determination and the merits of the underlying claims," which "includes the existence of common questions of law or fact and predominance under Rule 23(a)(2) and (b)(3)."); *Obertman v. Electrolux Home Care Prod., Inc.*, No. 19-2487, 2020 WL 8834885, at *2 (E.D. Cal. June 18, 2020) ("Plaintiff argues that discovery regarding merits and class certification will overlap substantially, especially given that plaintiff alleges the class members were all harmed by the exact same defect in defendant's dehumidifiers").

**Second**, "continuing class certification would not lead to a decision on class certification '[a]t an early practicable time.'" *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-2219, 2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015) (denying bifurcation). To the contrary, Defendant suggests conducting individual merits discovery first, after which it presumably intends to test the merits of Mr. Smith's claim through motion practice. *See* ECF No. 14 at 4 ("Phasing discovery would allow for the resolution of the threshold issue of whether Plaintiff himself has a viable claim under the TCPA.").

Oddly, Defendant already filed a motion to dismiss by which it attacks Mr. Smith's pursuit of aggregated damages (for his proposed class) but *not* the merits of his individual TCPA claim. *See generally* ECF No. 11. It is not clear what Defendant believes discovery will show regarding its telephone calls to Mr. Smith, as it offers no

support for its bald statement that "[t]here is good reason to believe, therefore, that this case will never get past the first phase (i.e., that Plaintiff will never be able to state and prove a meritorious, individual claim against loanDepot)." ECF No. 14 at 2. Even if Defendant succeeds on its Rule 12(b)(6) motion—it will not—this case will press forward.

In any event, between discovery and related motion practice, Defendant's desired focus on Mr. Smith's individual claim assuredly would last several months, while class members are forced to wait on the sidelines. Such unnecessary delay strongly cuts against Defendant's request. *Johansen*, 2020 WL 7230976, at *1 ("Here, bifurcation will delay Plaintiff's motion for class certification because class discovery would not begin until after discovery and the Court's ruling on purported individual issues. This factor weighs against bifurcation."); *Hunichen*, 2020 WL 5759782, at *2 ("Bifurcation would also likely delay, rather than advance a determination of class certification.").

Defendant's arguments otherwise make little sense. It cites *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992), for the proposition that courts sometimes allow class discovery while postponing merits discovery to facilitate an early certification determination. ECF No. 14 at 6. But, to be clear, Defendant proposes just the opposite here; it asks this Court to postpone *class discovery*, while allowing only merits discovery on Mr. Smith's individual claim. This would turn Rule 23(c)(1)(A) on its head.

Defendant then cites *Harris v. comScore, Inc.*, No. 11-5807, 2012 WL 686709 (N.D. Ill. Mar. 2, 2012), for that court's recognition that discovery of potentially millions of pages of merits-related documents, not all of which would be directly relevant to class certification issues, might serve to "frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by the Rules." ECF No. 14 at 6. Under this rationale, the *Harris* court bifurcated discovery to proceed with class-related discovery *first*. 2012 WL 686709, at *7. Once again, here, Defendant suggests just the

opposite, so *Harris* only underscores why Defendant's bifurcation would be *in*appropriate.[4]

**Third**, bifurcation would not serve judicial economy here, for multiple reasons. Separating class from individual merits discovery is likely to necessitate redundant sets of written discovery requests directed to Defendant, and the same corporate witness(es) sitting for multiple depositions, to repeatedly testify as to the overlapping topics described above. Mr. Smith also would likely need to sit for deposition twice—once on the merits of his individual claim, and then again on issues relating to class certification. This would result in needless duplication of efforts and ultimately waste party resources and attorney time. *See Obertman*, 2020 WL 8834885, at *2 (declining bifurcation and noting, "This court has been reluctant to draw a bright line separating class certification from merits discovery; when the parties agree to a flexible approach, it has encouraged frontloading class certification discovery with overlap as appropriate to avoid duplication, without providing for bifurcation.").

Moreover, "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." *True Health Chiropractic Inc.*, 2015 WL 273188, at *2. It follows that "Defendant's request to bifurcate discovery would not promote judicial efficiency or a prompt resolution of the case. Rather, it would unnecessarily delay the action, prejudicing Plaintiff and the putative class, by requiring the Court to resolve the parties' anticipated disagreement as to the bright-line between merits and class certification discovery." *Johansen*, 2020 WL 7230976, at *1; *see also In re Rail Freight Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery. If bifurcated, this Court would likely have to resolve various

---

[4]    And unlike in *Harris*, Defendant does not suggest that merits discovery here would be onerous or voluminous in the way that concerned the court in *Harris*.

needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.").

**Fourth**, while Defendant complains of potential prejudice for being forced to engage in class discovery, it is important to remember that "[t]he potential for prejudice resulting from granting or denying the motion to bifurcate runs both ways." *True Health Chiropractic Inc.*, 2015 WL 273188, at *3. Mr. Smith and the proposed class undoubtedly will be harmed by any delay in their certification efforts. For one, the longer it takes Mr. Smith to obtain class relief, the more potential for absent class members to continue to suffer, in that Defendant likely will continue to place wrong-number, artificial or prerecorded voice calls to their cellular telephones. *Accord O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-1821, 2016 WL 815357, *5 (N.D. Cal. Mar. 2, 2016) (staying discovery "would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court").

Moreover, as Defendant placed—and continues to place—telephone calls to putative class members, the likelihood of those consumers losing call records or deleting Defendant's artificial or prerecorded voicemail communications—either inadvertently, or out of annoyance, or to clear space in their voicemail inboxes—only grows with time. As well, parties to this case, and third parties such as cellular telephone service providers, are likely to have relevant evidence that is increasingly subject to loss and destruction as this matter drags on. *See Johansen*, 2020 WL 7230976, at *2 ("Bifurcation of discovery is prejudicial to Plaintiff's discovery of class information from third parties and increases the risk that evidence will be lost or destroyed."); *see also Garmendiz v. Capio Partners, LLC*, No. 17-987, 2017 WL 3208621, at *2 (M.D. Fla. July 25, 2017) ("[T]he risk of evidence being lost or destroyed and the potential for witnesses' memories to fade further demonstrates the potential for prejudice to the Plaintiff.").

Correspondingly, the court in *Johansen* recognized "substantial risk to the putative class members' interests" because "[m]ultiple decisions have turned on the destruction of telephone records." 2020 WL 7230976, at *2 (collecting cases). While noting how courts

regularly permit similar discovery efforts to commence against non-parties even prior to a Rule 26(f) conference, *Johansen* refused bifurcation where the TCPA plaintiff sought "to proceed in the ordinary course with discovery to secure records as it investigates Defendant's calls to Plaintiff and putative class members." *Id.* This Court should order the same.

Worth noting, even if class discovery here proves as burdensome or costly as Defendant frets it will be—though, to be clear, Defendant makes no effort to quantify or explain such burden or cost, and Mr. Smith has not even served discovery requests at this early juncture, *see infra* Argument § II—this unsubstantiated burden provides no basis to delay or inhibit the parties' discovery efforts. *See Montez v. Chase Home Fin. LLC*, No. 11-530, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (refusing stay in spite of defendant's complaint of the potential "significant burden and expense of engaging in potentially broad-ranging and expensive discovery concerning this putative class action").[5] To be sure, to the extent Defendant finds some of Plaintiff's discovery requests to be unduly burdensome, it can lodge objections at that time as provided by the federal rules.

---

[5]   *Accord Sutor v. Amerigroup Corp.*, No. 19-1602, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) ("Although defendant argues that proceeding with discovery and motions practice will be costly, and may be irrelevant if the Supreme Court strikes down the entire TCPA, '[t]he mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay.'"); *Mendez v. Optio Sols., LLC*, No. 16-1882, 2017 WL 914587, at *4 (S.D. Cal. Mar. 8, 2017) (denying request for stay in part because "Defendant [did] not demonstrate a hardship in moving forward with inevitable discovery and motion practice"); *Jones v. AD Astra Recovery Servs., Inc.*, No. 16-1013, 2016 WL 3145072, at *6 (D. Kan. June 6, 2016) (denying a stay and finding the "potential that Defendant could engage in greater discovery, if the case is not stayed, does not constitute a 'rare circumstance' which justifies an indefinite stay"); *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *4 (D.N.J. Apr. 26, 2016) (denying stay where "the only purported 'hardship' identified by Defendant is the possibility that the parties may engage to some extent in unnecessary discovery and/or motion practice").

**II.    A stipulated protective order will safeguard class members' privacy.**

Defendant raises a separate concern to support its request for bifurcated class discovery: a purported "clear and present danger to consumers who unknowingly have their private data released without notice." ECF No. 14 at 1. Defendant's hyperbole aside, this argument misses the mark for three reasons.

First, and most critically, discovery has yet to open, and as a result, Defendant has yet to see Mr. Smith's discovery requests. Mr. Smith anticipates focusing his discovery initially on the *telephone numbers* that Defendant called using an artificial or prerecorded voice during the relevant time period—not the identities of persons in Defendant's call records—along with the number of telephone calls Defendant placed to those telephone numbers. This narrowed universe of class data will be consistent with the data plaintiffs sought in other TCPA class cases spearheaded by proposed class counsel, and for which courts have compelled responses from defendants. *Accord Fralish v. Digital Media Sols., Inc.*, No. 21-45, 2021 WL 5370104 (N.D. Ind. Nov. 17, 2021) (compelling production of class calling data); *Fralish v. Deliver Tech., LLC*, No. 20-353, 2021 WL 3285528 (N.D. Ind. Aug. 2, 2021) (same); *Bonoan v. Adobe, Inc.*, No. 19-168, ECF Nos. 55, 68 (N.D. Cal.) (same).

In any event, Mr. Smith is willing to enter into a stipulated protective order to govern the treatment of sensitive consumer information produced confidentially in this litigation. Indeed, protective orders are commonplace tools in complex class action litigation for this very reason. Other courts confronted with consumer privacy concerns in TCPA class actions have compelled the production of potentially sensitive class calling data subject to stipulated protective orders. *See, e.g.*, *Leeb v. Charter Commc'ns, Inc.*, No. 17-2780, 2019 WL 144132, at *4 (E.D. Mo. Jan. 9, 2019) (compelling production of names and telephone numbers of putative class members while recognizing, "To the extent that privacy concerns are at issue . . . the Court notes that a protective order has been entered in this case. Further, Plaintiff has stated his willingness to accept anonymized information."); *Sliwa v. Bright House Networks, LLC*, No. 16-235, 2018 WL

1183350, at *7 (M.D. Fla. Feb. 14, 2018) (overruling "objections as to customers' privacy interests because there are adequate mechanisms available to protect any customer privacy interests," including the parties' stipulated protective order and an agreement to accept anonymized account records). This Court may do the same here.

Finally, a glaring fallacy in Defendant's privacy argument is that Defendant does not seek to avoid the potentially sensitive class discovery altogether, but simply to delay it. Defendant's concerns today will remain tomorrow, so the better solution is to institute adequate safeguards via a protective order rather than kick the can down the road, to the detriment of class members who may still be experiencing the daily frustration of Defendant's wrong-number artificial or prerecorded voice calls.

## Conclusion

Defendant fails to meet its burden to justify any delay of class discovery and, by extension, this Court's Rule 23 determination. Bifurcation will unnecessarily complicate these proceedings and prejudice Mr. Smith and absent class members. This Court should deny the Motion.

Date: January 25, 2023

*/s/ James L. Davidson*
Aaron D. Radbil (*pro hac vice*)
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC

*Counsel for Plaintiff and the proposed class*