**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Smith,<br><br>    Plaintiff,<br><br>v.<br><br>loanDepot.com, LLC,<br><br>    Defendant. | No. CV-22-01674-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant loanDepot.com, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 11), Motion to Strike Class Allegations from Plaintiff's Complaint (Doc. 12), Motion to Bifurcate Discovery (Doc. 14), and Motion to Stay Discovery (Doc. 15). For the following reasons, Defendant's motion to dismiss is granted in part and denied part. The remaining motions are denied.

**BACKGROUND**

For approximately ten years, Plaintiff Jonathan Smith has been the sole user of the telephone number (XXX) XXX-3226. (Doc. 19 at 2.) In June 2022, without Plaintiff's consent, Defendant called Plaintiff's cell phone ten times. (*Id.* at 2–4, 7.) At least four of the ten calls were artificial or prerecorded voice messages regarding a mortgage loan. (*Id.* at 5–6.) Defendant intended to reach Peter Marshall, an individual unknown to Plaintiff. (*Id.* at 5.)

On October 3, 2022, Plaintiff filed a Class Action Complaint (Doc. 1) against

Defendant under the Telephone Consumer Protection Act (the "Act" or "TCPA"), 47 U.S.C. § 227. The Complaint was later amended on January 13, 2023. (Doc. 19.) In response, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. 11), Motion to Strike Class Allegations from Plaintiff's Complaint (Doc. 12), Motion to Bifurcate Discovery (Doc. 14), and Motion to Stay Discovery (Doc. 15).

## DISCUSSION

### I. Motion to Dismiss

To begin, *Wakefield* and *Six Mexican Workers* are inapplicable. In *Wakefield*, the Ninth Circuit addressed three issues not before the Court. *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117 (9th Cir. 2022) (considering "(1) whether Plaintiffs can establish a concrete injury in fact under Article III; (2) whether ViSalus's failure to assert a consent defense at trial is excused because the FCC's retroactive waiver constituted an intervening change in law; and (3) whether the $925,220,000 aggregate damages award violates due process because it is unconstitutionally excessive"). The third issue, which Defendant relies on to support its motions, concerned a post-trial motion challenging the constitutionality of a jury award. *Id.* at 1120–25. Likewise, *Six Mexican Workers* addressed the magnitude of a damage award post-trial. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1309–11 (9th Cir. 1990).

The case before the Court is at the pleading stage, not post-trial. Thus, requests to dismiss Plaintiff's Complaint because of the potential of aggregated statutory damages being unconstitutional is premature. *See j2 Glob. Commc'ns, Inc. v. Protus IP Sols.*, No. CV06-00566 DDP (AJWx), 2008 WL 11335051, at *9 (C.D. Cal. Jan. 14, 2008) ("The Court finds that the question of excessive damages will be ripe for adjudication after issuance of a verdict. A due process challenge to excessive damages may be raised post-trial.") (internal citation omitted).

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original).  To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.*  When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992).  Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**B. Analysis**

To establish a claim under the TCPA for violating 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must plead that (1) the defendant called a telephone number (2) using an automatic telephone dialing system (3) for non-emergency purposes (4) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A)(iii); *see Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).  The Act "allows a plaintiff to recover 'actual monetary loss' when that loss is higher than the fixed statutory award of $500 per negligent violation . . . ." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 809 (9th Cir. 2017) (Tallman, J., dissenting) (quoting 47 U.S.C. § 227(b)(3)).  A court may award treble damages "if 'the defendant willfully or knowingly violated' the Act." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 67 (2016) (quoting 47 U.S.C. § 227(b)(3)).

First, Defendant asserts that Plaintiff's request for treble damages should be dismissed because Plaintiff failed "to plead facts showing that loanDepot acted with the requisite culpability."  (Doc. 11 at 7.)  Here, the Plaintiff alleges that Defendant called telephone number (XXX) XXX-3226 for non-emergency purposes, voluntarily, and under its own free will.  (Doc. 19 at 7.)  Also, "Defendant had knowledge that it was using an artificial or prerecorded voice in connection with" calling Plaintiff.  (*Id.*)  Plaintiff claims

- 3 -

that "Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent." (*Id.* at 8.)

While the facts alleged by Plaintiff shows a TCPA violation, the facts do not show that Defendant willfully or knowingly violated the Act. Plaintiff has not articulated which of his allegations would support a finding that the violations were willful or knowing. *Cf. Keifer v. HOSOPO Corp.*, No. 3:18-CV-1353-CAB-(KSC), 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) ("[T]he Court finds the knowing and willful violations of the TCPA have been sufficiently pled [because t]he FAC alleges, that 'the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA.'"); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS, 2014 WL 3101426, at *2 (C.D. Cal. July 7, 2014) (finding that the "allegations are sufficient to state claims for negligent, knowing, and/or willful violations of the TCPA" after the "[p]laintiff alleges that these actions resulted in negligent, knowing, and/or willful violations of the TCPA").

Second, Defendant argues that Plaintiff's "action is based entirely on calls mistakenly made to Plaintiff that were intended for another party[, and loanDepot] . . . should not be held liable for violating the TCPA." (Doc. 11 at 8.) The "intent to call a customer who had consented to its calls does not exempt [Defendant] from liability under the TCPA when it calls someone else who did not consent." *See N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020).

Here, "Defendant placed calls to telephone number (XXX) XXX-3226 on June 7, 2022 (2 calls), June 20, 2022 (2 calls), June 21, 2022 (3 calls), and June 22, 2022 (3 calls)." (Doc. 19 at 2.) Defendant intended to reach Peter Marshall, a person unknown to Plaintiff. (*Id.* at 5.) "Defendant delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-3226 on June 7, 2022, June 8, 2022, June 9, 2022, and June 10, 2022." (*Id.*) Defendant called Plaintiff regarding a home loan without Plaintiff's consent. (*Id.* at 5–7.) In other words, (1) Defendant called Plaintiff's cell phone number (2) using

an automatic telephone dialing system (3) for non-emergency purposes (4) without the Plaintiff's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Thus, Plaintiff's allegations, accepted as true for the purposes of this motion, "raise a right to relief above the speculative level" that Defendant violated the TCPA. *See Twombly*, 550 U.S. at 555.

Hence, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) is granted in part and denied in part.

**II. Motion to Strike**

**A. Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "These limited categories do not map neatly onto a class allegation. Such an allegation is not a defense, is not redundant, is not impertinent, and is not scandalous. At most, it might be said that a facially deficient class allegation is 'immaterial,' but even that is something of a stretch." *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2022 WL 279576, at *3 (D. Ariz. Jan. 31, 2022). Thus, "[s]triking class allegations is particularly disfavored before discovery may clarify class allegations." *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *5 (D. Ariz. Jan. 12, 2023). "However, pursuant to Federal Rules of Civil Procedure 23(c)(1)(A), 23(d)(1)(D), and 12(f), this Court may 'strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.'" *Baughman v. Roadrunner Commc'ns, LLC*, No. CV-12-565-PHX-SMM, 2013 WL 4230819, at *2 (D. Ariz. Aug. 13, 2013) (quoting *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010)).

**B. Analysis**

First, Defendant repeats an argument in its Motion to Dismiss (Doc. 11): "Plaintiff has not alleged sufficient facts to plausibly establish that the *Six Mexican Workers* factors support an award of aggregated damages." (Doc. 12 at 10.) As the Court explained in Part I, the *Six Mexican Workers* is inapplicable here because the Ninth Circuit addressed the magnitude of a damage award post-trial. *Six (6) Mexican Workers*, 904 F.2d at 1309-11.

Thus, Defendant's argument is premature.

Second, Defendant asserts that the class is overly broad and lacks commonality. (Doc. 12 at 11–14.) The Court will not address the appropriateness of the class definitions now. "Comprehensive briefing of the issues surrounding the proposed class are not before the Court and it is premature to address the appropriateness of its scope." *Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 3499806, at *2 (D. Ariz. June 29, 2020); *see also Canady*, 2022 WL 279576, at *3 (denying a motion to strike class allegations because the arguments raised by the defendant "are the same issues that will be decided when determining whether to grant class certification" under Rule 23); *Wisdom v. Easton Diamond Sports*, LLC, 824 F. App'x 537, 538 (9th Cir. 2020) (overturning the district court's decision to strike the plaintiff's "class allegations on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members [because the] determination was premature, and thus an abuse of discretion"); *Webb v. Circle K Stores Inc.*, No. CV-22-00716-PHX-ROS, 2022 WL 16649821, at *3 (D. Ariz. Nov. 3, 2022) ("The proper stage for fine-tuning the class definition is certification, not pleading.").

Third, Defendant contends "[t]he Court should strike Plaintiff's proposed class definition because it is not based on objective criteria and requires the Court to consider the merits of the claims of Plaintiff and the putative class members to determine class membership." (Doc. 12 at 15.) Defendant's argument is better suited for the certification stage. *See Whittaker*, 2023 WL 167040, at *6 (finding that the pleading stage was too early to determine "whether the proposed classes are impermissible fail-safes"). Moreover, Plaintiff's proposed class definition, (Doc. 19 at 8), is almost identical to certified class definitions that were found to be based on objective criteria. *See Head v. Citibank, N.A.*, 340 F.R.D. 145, 157 (D. Ariz. 2022); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019); *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 581 (N.D. Ill. 2018) ("There is nothing vague or subjective about this definition—whether a person subscribed to a cell phone number on the class list, received a call on her cell phone from Quality through an

ATDS, or was marketed Sempris products are all objective criteria.").

Fourth, Defendant urges the Court to not "allow the case to proceed to certification briefing when it is apparent at the outset that the proposed class definitions cannot be certified." (Doc. 12 at 17.) As discussed above, the Court does not find that Plaintiff's class is facially uncertifiable. To the contrary, at least two courts in the District of Arizona have certified a class like the proposed class in Plaintiff's Amended Complaint (Doc. 19). *Head*, 340 F.R.D. 145; *Knapper*, 329 F.R.D. 238. Those determinations, however, were made after the plaintiffs moved for class certification.

Accordingly, Defendant's Motion to Strike Class Allegations from Plaintiff's Complaint (Doc. 12) is denied.

### III.  Motion to Bifurcate Discovery

Defendant requests three phases of discovery. (Doc. 14 at 3.) The first phase "would be limited to the narrow issue of whether Plaintiff has a valid individual claim against loanDepot." (*Id.*) The second phase "would be focused on broader issues of commonality ahead of a potential certification effort." (*Id.*) And the final phase "would permit the individual merits of each member of a certified class to be explored." (*Id.*)

#### A. Legal Standard

District courts have broad discretion to determine whether to bifurcate discovery in putative class actions prior to certification. *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-MAT, 2020 WL 5759782, at *1 (W.D. Wash. Sept. 28, 2020). "Among the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015).

#### B. Analysis

The first factor weighs against bifurcation. There is overlap between Plaintiff's

1  claim and the class determination.  This overlap includes the existence of common
2  questions of law or fact and predominance under Rule 23(a)(2) and (b)(3).  *See Erica P.*
3  *John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) ("Considering whether
4  questions of law or fact common to class members predominate begins, of course, with the
5  elements of the underlying cause of action.") (internal quotations omitted).  Here, for
6  example, Plaintiff alleges that "Plaintiff's claims, and the claims of the members of the
7  class, originate from the same conduct, practice, and procedure on the part of Defendant."
8  (Doc. 19 at 9.)  Moreover, Plaintiff and members of the class suffered the same harm.  (*Id.*)
9  The Court would therefore review the same telephone systems and procedures regarding
10 the use of wrong numbers.

11 The second factor also counsels against bifurcation.  Rule 23(c)(1)(A) requires
12 courts to determine whether an action should be certified as a class action "[a]t an early
13 practicable time . . . ."  Bifurcating discovery would not allow a class certification motion
14 to be filed until after discovery for Plaintiff's individual claims are complete.  Defendant
15 would then file a motion for summary judgment challenging the class.  The Court would
16 then have to issue an order on Defendant's motion for summary judgment.  Only then,
17 could class discovery begin (assuming there would not be a motion for reconsideration).
18 Therefore, bifurcation would delay as opposed to advance the class certification
19 determination.

20 The third factor directs the Court away from bifurcation.  Defendant's main concern
21 is identical to the arguments made in Defendant's Motion to Strike Class Allegations from
22 Plaintiff's Complaint (Doc. 12)—Plaintiff's proposed class is "facially uncertifiable," so
23 Defendant would have to engage in unnecessary discovery.  (Doc. 14 at 4–5.)  But
24 "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed
25 to the named plaintiff[], thereby causing additional litigation regarding the distinction
26 between the two."  *True Health Chiropractic Inc.*, 2015 WL 273188, at *2.  Moreover,
27 "bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong
28 incentive to withhold evidence . . . ."  *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No.

EDCV152057FMOSPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018). Judicial economy is not promoted when the Court must "resolve various needless disputes" that are likely to occur when determining if a document supports the merits of the individual's claim or class certification. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009). Overall, this factor weighs against bifurcation.

The fourth factor is neutral. If Plaintiff's claims are not meritorious, Defendant runs the risk of engaging in unnecessary discovery and incurring needless expenses. On the other hand, bifurcation would deprive Plaintiff of necessary information to certify the proposed class.

Having weighed the foregoing factors, the Court denies Defendant's Motion to Bifurcate Discovery (Doc. 14).

**IV.     Motion to Stay Discovery**

Defendant urges the Court to stay discovery pending resolution of its motion to dismiss, motion to strike, and motion to bifurcate discovery. (Doc. 15 at 3.) The Court denies this request as moot because the Court has now ruled on the pending motions.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Class Allegations from Plaintiff's Complaint (Doc. 12), Motion to Bifurcate Discovery (Doc. 14), and Motion to Stay Discovery (Doc. 15) are **DENIED**.

Dated this 22nd day of November, 2023.

_____
G. Murray Snow
Chief United States District Judge